Filed 12/20/13  P. v. Brown CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON JEREMY BROWN,<br><br>    Defendant and Appellant. | D063111<br><br><br>(Super. Ct. No. SCD241439) |


APPEAL from a judgment of the Superior Court of San Diego County, Jay M. Bloom and Eugenia A. Eyherabide, Judges.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Jason Jeremy Brown appeals a judgment following his guilty plea to one count of possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)).

FACTUAL AND PROCEDURAL BACKGROUND

Before trial, Brown filed a Penal Code section 1538.5 motion to suppress evidence. At the evidentiary hearing on that motion, San Diego Police Officer Terry Hoskins testified regarding the events leading to Brown's arrest and discovery of the methamphetamine. At about 4:40 a.m. on June 14, 2012, Hoskins and his partner, Officer John Gillard, saw Brown riding his bicycle on the sidewalk along University Avenue near its intersection with Ohio Street against the flow of traffic in violation of the San Diego Municipal Code. Based on those violations, Gillard parked their patrol car in the middle lane of University Avenue and asked Brown: "[W]hat are you doing riding a bicycle on the sidewalk in a business district?" Brown stopped and looked at the officers, but did not reply. Instead, he turned his bicycle around and began quickly pedaling northbound on the sidewalk along Ohio Street. The officers turned on the car's lights and siren and pursued Brown. Hoskins saw Brown's right hand extend and then return to the handlebars. Brown rode about 30 feet and then stopped.

When Gillard ordered Brown to get on the ground, he dropped his bicycle and lay on top of it. The officers handcuffed him. Gillard asked him whether he had anything illegal on him. Brown replied he had a can of mace and a pocketknife. He admitted he had previously been convicted of a felony. A search of Brown found the two items. At about the place where Hoskins saw Brown extend his right hand, he found a small black felt pouch on the sidewalk. It had a glass pipe known to be used to smoke controlled substances and a brown piece of tissue paper containing a white crystalline substance that appeared to be methamphetamine.

2

Brown testified at the hearing on his motion to suppress evidence. He admitted riding his bicycle on the sidewalk, but asserted that when the patrol car pulled up next to him, the officers did not say anything to him. As he began to ride away, he heard the siren and stopped riding his bicycle. The officers "pummeled" him on top of his bicycle and handcuffed him. Brown denied owning or throwing the black pouch.

Antonio Rios, a resident in the area, testified he was walking his dog when he saw Brown riding his bicycle on the sidewalk along Ohio Street. Rios saw the patrol car drive up to Brown and the officers "pretty much tackle[]" him.

The trial court found Hoskins's testimony more credible than that of Rios and Brown, found the officers' conduct was reasonable and consistent with the Fourth Amendment, and denied the defense motion to suppress evidence. Thereafter, pursuant to a plea bargain, Brown pleaded guilty to one count of possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The court granted Brown three years of formal probation. Brown timely filed a notice of appeal.

DISCUSSION

Brown's appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal of the judgment, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies the following possible, but not arguable, issues for our review: (1) was Brown "seized" for purposes of the Fourth Amendment when the officers contacted him and asked him why he was riding his bicycle on the sidewalk in a business district; (2) if he was so seized, did the officers have

3

reasonable suspicion to seize or contact him; and (3) did the trial court err by finding Officer Hoskins credible and the defense witnesses less credible?

We granted Brown permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Brown has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.


McDONALD, J.

WE CONCUR:


NARES, Acting P. J.


McINTYRE, J.